UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MIGUEL VAZGUEZ

       Plaintiff,

V.                                    CIVIL ACTION NO.

CAR CRAFT LLC

       Defendant.

## COMPLAINT

1.  This is an action for a declaratory judgment, an injunction, and actual, statutory, and punitive damages and attorneys fees for violation of l5 U.S.C. § l60l, *et seq.*, and Conn. Gen. Stat. § 36a-676 *et seq.*; and for actual and punitive damages pursuant to Conn. Gen. Stat. §42-110a *et seq*, and The Motor Vehicle Costs Saving Act (Odometer Law) 49 U.S.C. § 32701, et seq.

2.  Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and §1989(b) and 28 U.S.C. § l33l and §1367.

3.  Plaintiff is a resident of Connecticut.

4.  Defendant has a place of business at 8 South Street, West Hartford, CT 06110.

5. On or about February 27, 2004 plaintiff entered into a consumer credit transaction with defendant to finance the purchase of a used 200 Dodge Intrepid for personal, family or household use.

6.  At all times herein, defendant in the ordinary course of business regularly extended consumer credit which was payable in four installments.

7. Defendant is a creditor within the meaning of C.G.S. § 36a-676, *et seq.* and 15 U.S.C. § 1601, *et seq.* and regulations promulgated thereunder.

8. Defendant failed to provide the information required to be disclosed by 15 U.S.C. § 1601, *et seq.* or C.G.S. § 36a-676, *et seq.* and the regulations thereunder at or prior to consummation of the transaction.

9. Defendant intentionally disclosed the selling price of automobile as $1,000.00, but charged the plaintiff $4,770.00.

10. The defendant disclosed the $1,000.00 purchase price and supported same by disclosing that the Dodge Intrepid had a blown engine head gasket.

11. The Dodge did not have a blown head gasket as disclosed on the retail purchase order. Defendant disclosed that price in order to deceive the DMV, so sales tax would be less.

12. Defendant inaccurately disclosed there was no warranty and sold the Dodge Intrepid "as is" in violation of C.G.S. expressed warranty section.

13. Defendant failed to provide the plaintiff with an odometer statement pursuant to the Odometer Act and regulations promulgated thereunder.

14. Defendant failed to provide the odometer disclosures A) intentionally or B) in reckless disregard of the Act.

15. Plaintiff has suffered severe monetary loss as a result of this defendant's actions.

WHEREFORE, it is respectfully prayed that this Court:

1. Award $1,000.00 as statutory damages in connection with the consumer credit transaction, and actual damages, pursuant to 15 U.S.C. §1640;

2. Award actual damages, and punitive damages to plaintiff pursuant to Conn. Gen.

Stat. §§42-110g;

3. Award statutory damages of $1,500.00 or treble the actual damages whichever is greater, costs and attorney fees pursuant to 49 U.S.C. § 32701;

4. Award costs and a reasonable attorney's fee;

5. Award such other or further relief as the Court deems just or equitable.

          THE PLAINTIFF


By_____
  Michael W. Kennedy, Esq.
  1204 Main Street, No. 275
  Branford, CT 06405
  Fed. Juris. No.: CT19664
  (203) 481-4040